UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHANDA JACKSON ON BEHALF OF, § | | |
| MINOR CHILD JANE DOE, § | | |
| TATIAWNA JORDAN ON BEHALF § | | |
| MINOR CHILD JOHN DOE § | | |
| *Plaintiffs*, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 3:22-cv-00271 | |
| § | Jury Demanded | |
| § | | |
| § | | |
| CLEAR CREEK INDEPENDENT § | | |
| SCHOOL DISTRICT § | | |
| *Defendant.* § | | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

### A. PARTIES

1. Plaintiff, CHANDA JACKSON, on behalf of minor child Jane Doe, is an individual who can be contacted through counsel.

2. Plaintiff TATIAWANA JORDAN on behalf of minor child John Doe, is an individual who can be contacted through counsel. Please note, this amended complaint corrects a typographical error in the original complaint that listed Ms. Jordan's last name as "Jackson".

3. Defendant, CLEAR CREEK ISD, "Clear Creek" is a local governmental entity. The Defendant may be served though it's counsel: Thompson & Horton, Attorney Christopher B. Gilbert, 3200 Southwest Freeway, Suite 2000, Houston, Texas 77027 or alternatively CCISD may be served through the superintendent Eric Williams at 2425 East Main Street League City, Texas 77573,

### B. JURISDICTION

4.  The Court has jurisdiction over the lawsuit because the suit arises under Title VI of the Civil Rights Act of 1964 (34 C.F.R. Part 100) and 42 U.S.C. §1983.

### C. VENUE

5.  Venue is proper in this district under 28 U.S.C. §1391(b)(1) because the Defendant resides in this district.

### D. FACTS

6.  The acts and omissions that give rise to this lawsuit occurred at North Point Elementary located at 3200 Almond Creek Dr., Houston, Texas 77059.

**John Doe:**

7.  **9.5.19** John Doe's teacher ignored John Doe when another student choked him, and she did not notify John Doe's parents that John Doe suffered a violent attack. The teacher's decision to disregard the attack was inconsistent with school policy thereby created a disparate and separate impact upon John Doe causing him immediate and lasting physical and psychological injury that goes well beyond neglect, and it is better characterized as institutional abuse that stems from discrimination.

• **10.20.19** An older student punched John Doe in the eye, but again the school inexplicably did not tell John Doe's parents about the incident nor did the school recognized a developing pattern of continuing physical abuse of a child. Again, the school swept the attack under the rug without notifying John Doe's parents so that they could properly address the attack with the school and counsel their child. John Doe's

parents are familiar with the school practices and culture of purported non-violence but John Doe, an African American student, did not receive these same protections as the children in the majority.

- **11.12-15-2019** The teacher prevented John Doe from going to the rest room. The teacher targeted John Doe by not allowing him to use the restroom. He had to "hold it' and often ended up wetting his pants during aftercare. Other white students could go to the restroom as needed, but John Doe was subjected to further humiliation and frankly torture because he was African American. Sadly, John Doe also complained to his mother that the teacher would not allow him to have water.

- **11.14.19** A student tripped John Doe causing him further injury. Initially, John Doe was blamed for this incident, but the teacher later acknowledged that another student tripped him. Rather than discipline the student who tripped John Doe, the teacher shifted the blame to John by telling him to be more careful when walking. Surprisingly, the teacher did not report this altercation to his family.

- The school further stigmatized John Doe when they segregated John from other students by placing his desk far apart from the other children. He was made to sit alone at the end of the table away from the other students.

- John Doe complained to his mother that a teacher told him that he should go to another school, and she called him "ink monster".

**Jane Doe:**

8. **Incident 1** happened in the cafeteria where Jane Doe's teacher (Mrs. Jessica Yeates) removed Jane Doe from the lunch table, and she made Jane Doe eat alone which

negatively impacted Jane Doe emotionally and psychologically. The school failed to provide a reasonable explanation why Jane Doe was segregated from the other children.

**Incident 2** The school called Ms. Jackson and told her Jane Doe wanted to leave class and went to the school nurse on more than one occasion. Jane Doe wanted to leave class to find refuge from being physically harmed by students who pushed, scratched and called her, "Fat Durty Stupid".

**Incident 3** Another student slapped Jane Doe so hard she could not hear out of her ear. Although the teacher witnessed the attack, the teacher inexplicably took no action. The school failed to notify Ms. Jackson of the attack that may have left Jane Doe with permanent damage.

**Incident 4** A student bit Jane Doe on the hand that caused a wound that was so severe Jane Doe required medical care that resulted in stitches. Sadly, no one called Ms. Jackson to alert her that her child had been wounded.

**Incident 5** Jane Doe suffered continuing attacks from a bully who stepped on Jane Doe's fingers and elbowed her arms. When Jane Doe looked to the teacher for help immediately after an attack, the teacher did nothing thereby ratifying the illicit behavior. Instead of reprimanding the student who hit Jane Doe, which would have been consistent with school policy, the teacher blamed Jane Doe's (the victim) behavior in progress reports.

### E. CAUSES OF ACTION

<u>*42 U.S.C. 1983*</u>

9.      Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or District of Columbia, subjects, or causes, to be

subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress... 42 U.S.C. §1983.

10. §1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States.  As such, plaintiffs allege that defendant deprived plaintiffs of their Fourteenth Amendment equal protection rights, privileges and due process, and is incorporated and applied to the states through the Fourteenth Amendment.

11. In this case, plaintiffs complain that their constitutional right to equal protection and due process under the law have been violated.  They have been the victims of racial discrimination through severe and pervasive harassment by both school staff, administrators, and fellow students that have denied them equal access to the same educational opportunities enjoyed by their white classmates.  John and Jane Doe were exposed to a racially hostile environment that violated the equal protection promised under the Fourteenth Amendment.  Clear Creek treated John and Jane Doe different from the white students.  It is clearly established law that students shall not be discriminated against based on their race, and such laws were known to the teachers, staff, and administrators at the time plaintiffs were discriminated against.

12. Under §1983, Clear Creek is also liable for failing to supervise and/or failing to train, or properly address unconstitutional behavior by its staff.  Clear Creek did not train or supervise the teachers, administrators, or staff properly, and they failed

to take appropriate actions to protect John and John Doe from teachers, staff, administrators, and students alike. Defendant should be held liable because there is a casual connection between its prohibited acts and omissions that violate the Constitution and the damages suffered by John and Jane Doe.

13. It is also well-settled law that school districts are liable under 42 U.S.C. § 1983 for constitutional torts that are in compliance with their customs, practices, policies, or procedures. Clear Creek should be found liable because it sanctioned the custom, practice, and/or policy or procedure of allowing discrimination to be routinely exercised against John and Jane Doe without reprimand. Clear Creek allowed teachers to forego their duties to John and Jane Doe which led to: violence, emotional abuse, harassment, and bullying. It is baffling that even when teachers and administration at Clear Creek learned of the depth and extensive nature of the discrimination that John and Jane Doe suffered; they did nothing. Instead it continued for months without relief until the plaintiffs were forced to change schools. Dispirited, John and Jane Doe no longer share the joy for learning and school they once held. Under the law, they were entitled to equal protection to pursue their education without discriminatory roadblocks set in place by Clear Creek.

### *Title VI*

14. Title VI of 42 U.S.C §2000(d) provides:

    No person in the United States shall, on the ground, of race, color, or national origin, be excluded from participation in, be denied the benefit of, or be

subjected to discrimination under any program or activity receiving federal financial assistance.

A program or activity includes a local educational agency, system of vocational education or other school system such as a school district. A school district has a legal duty to take reasonable steps to eliminate a racially hostile environment.

15. Here, Clear Creek ISD was deliberately indifferent to the plight of John and Jane Doe although the district was aware of the bullying, harassment, and allegations of racially motivated conduct by students and teachers against them. John and Jane were deprived of the same educational opportunity as their white classmates. How can a child learn in a school where they are under constant verbal and physical attacks?

16. The U.S. Department of Health and Human Services and the U.S. Department of Education generally define bullying as unwanted, aggressive, behavior among school-aged children that involves a real or perceived power imbalance, and is repeated, or has the potential to be repeated, over time. Bullying may include physical, emotional, or verbal abuse and actions such as making threats, spreading rumors, attacking someone physically or verbally, and excluding someone from a group on purpose.

17. The school did not adhere to school their own guidelines when it came to John and Jane Doe. The school repeatedly swept incidents under the rug rather than address the multiple incidents that were physical and emotional in nature. The school sanctioned the illegal behavior by not taking any action; as such, the school

intentionally discriminated against John and Jane Doe. By turning a blind eye to the bullying and physical attacks of other children, the school paved the way for more discrimination. John and Jane Doe were forced to attend school in a hostile environment that stunted their development.

18. The discrimination has left the children at times: depressed, confused, traumatized, distraught, and anxious coupled with feelings of insecurity and loss of self-worth.

### G.  JURY DEMAND

19. Plaintiff demands a jury trial and tenders the appropriate fee with this complaint.

20. As a direct and proximate result of Defendant's conduct, plaintiffs suffered the following injuries and damages.

    a. Mental Anguish.

    b. Past and Future Emotional pain and suffering.

    c. Loss of enjoyment of life.

    d. Punitive damages.

### H.  CONCLUSION

21. For these reasons, Plaintiffs ask for judgment against Defendant for the following:

    a. Actual damages.

    b. Prejudgment and postjudgment interest.

    c. Reasonable Attorney Fees.

    d. Punitive damages.

e.        All other relief the Court deems appropriate.

Respectfully submitted,

The Law Office of Todd E. Webb

By:   /s/*Todd E. Webb*

TODD E. WEBB

Texas State Bar No.24033317
Federal Admission No. 597748
todd@attorneytoddwebb.com
4101 Greenbriar Suite 122E
Houston, Texas 77098
(713) 529 4400 t
(713) 529 4401 f