IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS,
GALVESTON DIVISION

| | | |
|---|---|---|
| CHANDRA JACKSON ON BEHALF OF | § | |
| MINOR CHILD JANE DOE, | § | |
| TATIAWNA JORDAN ON BEHALF OF | § | |
| MINOR CHILD JOHN DOE, | § | |
|    *Plaintiffs*, | § | |
| | § | |
| v. | § | C.A. No. 3:22-cv-00271 |
| | § | |
| CLEAR CREEK INDEPENDENT | § | |
| SCHOOL DISTRICT | § | |
|    *Defendant*. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party. NOTE: the Rule 26(f) meeting must be held in person, by phone, or by video. Email meetings are not permitted.**

   Mr. Todd E. Webb, counsel for the Plaintiffs, and Mr. Christopher B. Gilbert, counsel for the Defendant, conferred by telephone on October 28, 2022.

2. **List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.**

   None.

3. **Briefly describe what this case is about.**

   **Plaintiffs**:  Plaintiffs allege defendant violated their civil rights because of their race. Defendant through their acts and omissions subjected plaintiffs to a hostile learning environment in which plaintiffs were denied equal access to their education.

   **Defendant**:  The District denies that any actions or inactions taken by school officials towards the Plaintiffs were motivated by their race in any way.  Plaintiffs allege conduct that if true might amount to bullying (or mutually antagonistic behavior) between young students, and mistreatment by teachers, but there are really no facts alleged that would show that any of this behavior was based on race, or that school officials were aware at the time that anything was based on race. School officials addressed these issues, when they were known, under appropriate disciplinary rules at that time.

4. **Identify any issues as to service of process, personal jurisdiction, or venue**

   None.

5. **Federal jurisdiction.**

   a. **Specify the allegation of federal jurisdiction.**

   This court has original jurisdiction under 28 U.S.C. § 1331, based on federal claims.

   b. **Identify the parties, if any, who disagree with the plaintiff's federal jurisdictional allegations, and state their reasons.**

   None.

   c. **If federal jurisdiction is based on diversity of citizenship and any of the parties is a limited liability entity, please state the citizenship of each of the members of the limited liability entity. When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability and identifying its citizenship.** *See Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C.*, **965 F.3d 404, 408 fn.1 (5th Cir. 2020).**

   N/A

6. **List anticipated additional parties that should be included, and by whom they are wanted.**

   None.

7. **List anticipated interventions.**

   None.

8. **Describe class-action or collective-action issues.**

   None.

9. **State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.**

   The parties have not exchanged initial disclosures. The parties have agreed to exchange initial disclosures by November 8, 2022.

**10.**   **If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.**

Attorneys' fees are requested in this case.  Parties agree to submit the fee issue to the court for resolution on affidavits or declarations, after the other issues are resolved.

**11.**   **Describe the proposed discovery plan, including:**

   **A.**   **Responses to the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic and other discovery.**

   The parties do not anticipate raising any other concerns described in Rule 26(f) other than what is set forth in this proposed plan.

   **B.**   **Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take**

   Other than the issues raised in the Defendant's Rule 12(b)(6) Motion to Dismiss, the parties do not believe there are any threshold issues that need to be addressed.

**12.**   **Experts.**

   **A.**   **Are experts needed on issues other than attorneys' fees?**

   Defendant does not foresee that experts are needed on issues other than attorneys' fees.

   **B.**   **If medical experts are needed, identify whether they are only treating physicians or also designated on other issues.**

   Plaintiffs will designate health care professionals who treated Jane Doe for physical injuries she sustained at school, and mental health care professionals who will testify regarding the mental anguish John & Jane Doe suffer.

   **C.**   **The date the party with the burden of proof on an issue will be able to designate experts and provide the reports required by Rule 26(a)(2)(B)**

   If necessary, Plaintiffs will make their expert disclosures as required by Rule 26(a)(2) by March 1, 2023.

   **D.**   **The date the opposing party will be able to designate responsive experts and provide the reports required by Rule 26(a)(2)(B)**

   If necessary, Defendant will make its expert disclosures as required by Rule 26(a)(2) by April 3, 2023.

13. **State the date discovery can reasonably be completed.**

    October 31, 2023.

14. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    The parties are agreed.

15. **Specify the discovery beyond initial disclosures that has been undertaken to date**

    None.

16. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.**

    The parties believe that non-binding mediation could be reasonably after substantial discovery has been completed.

17. **From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that reasonably suitable, and state when such a technique may be effectively used in this case.**

    See above.

18. **With the consent of all parties, United States Magistrate Judge Andrew Edison may preside and hear jury and non-jury trials. Indicate the parties' joint position on a trial before Judge Edison .**

    The parties prefer to keep this matter before the District Judge.

19. **State whether a jury demand has been made and if it was made on time.**

    A timely jury demand was made.

20. **Specify the number of hours it will likely take to present the evidence.**

    At the moment it is hard to predict, but the parties estimate 10 hours per side. The parties may alter this projection after discovery has been completed.

21. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    The Defendant's Motion to Dismiss is currently pending, and may be ripe for consideration by the Court.

22. **List other motions pending.**

    None.

**23.** **Indicate issues or matters, including discovery, that should addressed at the conference.**

None.

**24.** **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments. DO NOT STATE THAT THE DISCLOSURE OF INTERESTED PARTIES WILL BE FILED IN THE FUTURE**

Plaintiffs filed their Disclosure of Interested Parties on
Defendant filed its Disclosure of Interested Parties on October 29, 2022.


/s/ Todd E. Webb                                                    October 31, 2022
_____                           _____
Counsel for the Plaintiff                                            Date



/s/ Christopher B. Gilbert                                       October 29, 2022
_____                           _____
Counsel for the Defendants                                      Date

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading has been served on all counsel of record through the Court's electronic filing system, on October 31, 2022:

Thompson Horton
Attorney Christopher B. Gilbert
3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
cgilbert@thompsonhorton.com
*Attorneys for the Defendant*

/s/ *Todd E. Webb*
Todd E. Webb