UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHANDA JACKSON ON BEHALF OF § <br> MINOR CHILD JANE DOE, § <br> TATIAWNA JORDAN ON BEHALF OF § <br> MINOR CHILD JOHN DOE. § <br>     *Plaintiffs*, § <br> § <br> v. § <br> § <br> § <br> CLEAR CREEK INDPENDENT SCHOOL § <br> DISTRICT, § <br>     *Defendant.* § | CIVIL ACTION NO. 3:22-cv-00271 <br> Jury Demanded |

**PLAINTIFFS' MEMORANDUM IN RESPONSE
TO DEFENDANT'S MOTION TO DISMISS**

Plaintiffs asks the Court to deny defendant's 12(b)(6) motion to dismiss for failure to state a claim.

### A.  INTRODUCTION

1. Plaintiffs are Chanda Jackson on behalf of minor child Jane Doe and Tatiawna Jordan on behalf of John Doe.  Defendant is Clear Creek Independent School District.

2. Plaintiffs sued defendants for race-based discrimination.

3. Plaintiffs file this response asking the Court to deny defendant's motion.

4. In their complaint, plaintiffs brought claims pursuant to 42 U.S.C. § 1983 and Title VI of the Civil Rights of 1964.

### B.  ARGUMENT

5. When considering a defendant's motion to dismiss, a court must construe the factual allegations in the complaint in the light most favorable to the plaintiff.  *Barker v. Riverside Cty. Office of Educ.,* 584 F.3d 821, 824 (9th Cir. 2009); *see Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-

56 (2007).  If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny the defendant's motion. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Twombly,* 550 U.S. at 555-56; *Woods v. City of Greensboro,* 855 F.3d 639, 652-53 & n.9 (4th Cir. 2017); *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009).

**A.     Plaintiffs' Complaint provides Clear Creek ISD with fair notice of a plausible equal protection claim under §1983.**

6.      In the complaint, plaintiffs alleged a claim of equal protection under §1983.  The complaint provides defendant with fair notice of that claim.  *See Brooks,* 578 F.3d at 581.  Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color of state law." *Filarksy v. Delia,* 132 S. Ct. 1657, 1661 (2012).  One such federal right is conferred by the Equal Protection Clause, which prohibits a state from "deny[ing] to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, §1.  Accordingly, [t]o prove a claim of racial discrimination under the Equal Protection Clause and section 1983, the plaintiffs must allege that they received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent."  *Priester v. Lowndes Cty.,* 354 F.3d 414, 424 (5th Cir. 2004) (quoting *Taylor v. Johnson,* 257 F.3d 470, 473 (5th Cir. 2001)).  To establish discriminatory intent, plaintiffs must show "that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Id.* (quoting *Taylor,* 257 F.3d at 473).

However in *Twombly*, the Court was careful to note that <u>at the pleading stage</u> the Court did not impose a probability requirement on plaintiffs: "a well-pleaded complaint may proceed even if

2

it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly* at 556, 127 S.Ct. 1955. Yet, throughout defendant's motion the school district calls for a pleading standard that is much higher than what the Court sets forth in *Twombly*. Plaintiffs should not have to prove their entire §1983 case now to survive defendant's motion to dismiss. *Id.* The Court provides the following instruction regarding the complaint: "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiffs allegations. *Id.*

7. Moreover, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief, " in order to "give the defendant fair notice of what the…claim is and the grounds upon which it rests," *Conley v. Gibson,* 355 U.S. 41, 47. Well-settled federal law reflects a liberal notice-pleading regime that does not require plaintiffs to set forth detailed factual allegations to survive Clear Creek's Rule 12(b)(6) motion to dismiss attack. *Id.*

> **a. Plaintiffs plead facts that gave Clear Creek ISD fair notice of the incidents that gave rise to their complaint, and it is plausible that John and Jane Doe suffered these abuses because they are black.**

8. Plaintiffs' first amended complaint, ("complaint") dates and details three separate violent attacks suffered by John Doe committed by other students where he was: ***choked, punched, and tripped***. Additionally, at times the teacher prohibited John Doe from 1) **using the restroom**, 2) **segregated him from other students**, 3) **denied him drinking water**, and 4) allowed white students to call him **"ink monster"** which plaintiffs assert is a racial epithet.

Furthermore, Plaintiffs' complaint also details how Jane Doe suffered violent attacks too that were so severe that in one instance **her hearing was impaired** and on a separate occasion

3

**she required stitches**. One attacker would routinely **step on her fingers** and **jab her arms with his elbow.** The teacher, who was aware of the abuse, did not reprimand the attackers, often did not report the incidents to the parents, nor did she protect Jane Doe from the attacks. Teachers also **segregated** Jane Doe from other students and allowed students to call Jane Doe; **"Fat Dirty Stupid"** which plaintiffs assert is a racial epithet.

9. The incidents that were made the basis of this lawsuit took place over several months. The attacks, neglect, and use of racial epithets were targeted against John and Jane Doe only; two black students. White students were not subjected to these circumstances. Clearly, plaintiffs' complaint documents an environment that was hostile to John and Jane Doe.

The Merriam-Webster dictionary defines custom: as a usage or practice common to many or to a particular place or class or habitual with an individual or repeated practice. Plaintiffs' complaint details a custom of abuse for John and Jane Doe at the Clear Creek School consistent with §1983 equal protection claim.

10. In *Erickson v. Pardus,* 531 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), the Court put to rest any doubt that *Twombly* had repudiated the general notice-pleading regime of Rule 8. *In Erikson*, the Court reiterated that specific facts are not necessary; the statement need only give the defendant fair notice of what…claim is and the grounds upon which it rests." Plaintiffs' complaint plainly alerts Clear Creek of their claim and it sets forth the facts and law upon which it rests.

11. Defendant's argues that plaintiffs failed to plead facts that racial animus was involved and the complaint is insufficient to establish defendant's acts stemmed from a discriminatory intent. However, defendant's conclusion is inconsistent with the pleading regime mandated by the Court and Rule 8. *In Twombly, Erickson,* and *Ashcroft*, the Court ruled that courts must accept plaintiffs'

factual allegations as true even if the trial court judge believes that proof of those facts is unlikely or recovery is improbable. It is puzzling how anyone could read the repeated abuse alleged in plaintiffs' complaint, isolated to two black students (children), and not wonder if race was involved with discriminatory intent. Plaintiffs contend it is certainly plausible, and if this court agrees; then the pleading standard is met. *Id.*

**b.     Plaintiffs' §1983 cause of action involves a substantive due process claim based on the Clear Creek ISD's failure to train, supervise, or adequately hire employees.**

12.    The typical substantive due process claim brought under Section 1983 seeks redress for government acts that violate "personal immunities" that are "fundamental," that is "implicit in the concept of ordered liberty." *Rochin v. California,* 342 U.S. 165, 169, 175 (1952). Substantive due process claims can also be based on deprivations caused by the government's failure to train, supervise, or adequately hire its employees. Such claims require that the government's inaction was a custom, policy, or practice. The Supreme Court applies a deliberate indifference standard in public school cases. *See Sanders-Burns v. City of Plano,* 593 F.3d 366, 380 (5th Cir. 2010). However, again please note, under *Twombly* it's progeny, plaintiffs do not have to prove their entire case at this stage of the proceedings. Clear Creek's motion to dismiss places burdens on plaintiff that would be more appropriate at the summary judgment phase of litigation.

 13.    It is, however, "clear that a municipality's policy of failure to train its police officers can rise to § 1983 liability." Brown v. Bryan County, 219 F.3d 450, 456 (5th Cir.2000). The same holding applies to school districts. *Id.* For the purposes of § 1983, an official policy is a policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the school district's officers or by an official to whom the school district has delegated policy-making authority. Alternatively, official policy is a persistent, widespread practice of a school district or

5

employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents school district policy.

Plaintiffs' complaint alleges Clear Creek's failure to supervise, train, and take appropriate the unconstitutional acts and omissions of their teachers, administrators, and staff. The teachers, nurse, principal, and vice principal, "employees" all knew about the incidents complained of in this lawsuit, yet they did nothing to protect John and Jane Doe. The misconduct by the employees was so pervasive and commonplace at the school that it represents a custom that is akin to school district policy under the law.

14. Finally, a final decision maker's adoption of a course of action tailored to a particular situation and not intended to control decisions in later situations' [sic] may, in some circumstances, give rise to school district liability under § 1983. Id. at 457 (internal citations and quotations omitted). The elements of this claim are: (1) Clear Creek's training policy procedures were inadequate, (2) Clear Creek was deliberately indifferent in adopting its training policy, and (3) the inadequate training policy directly caused plaintiffs' injuries. See *Baker v. Putnal*, 75 F.3d 190, 200 (5th Cir.1996); see also *Pineda v. City of Houston*, 291 F.3d 325, 332 (5th Cir.2002). The Supreme Court has explained "that a municipality can be liable for failure to train its employees when the municipality's failure shows 'a deliberate indifference to the rights of its inhabitants.'" *Farmer v. Brennan*, 511 U.S. 825, 840, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (citing City of Canton, 489 U.S. at 389, 109 S.Ct. 1197). "Deliberate indifference is more than mere negligence." *Conner*, 209 F.3d at 796 (citation omitted). Plaintiffs must show that "in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policymakers of the city can reasonable be said to have been deliberately indifferent to the need." *City of Canton*, 489

U.S. at 390, 109 S.Ct. 1197. Please note, according to the Court, this claim is distinguishable and separate from a claim of *respondeat superior* although these claims may echo each other in argument. *Id.*

15. Although, a showing of deliberate indifference is difficult, it is not impossible, to base on a single incident. Gabriel v. City of Plano, 202 F.3d 741, 745 (5th Cir.2000); Conner, 209 F.3d at 797. Claims of inadequate training generally require that the plaintiff demonstrate a pattern. Davis v. City of N. Richland Hills, 406 F.3d 375, 383 n. 34 (5th Cir.2005) (citation omitted). "Notice of a pattern of similar violations is required." Id. at 383. The prior acts must be "fairly similar to what ultimately transpired and, in the case of excessive use of force, that the prior act must have involved injury to a third party." Id. The "single incident exception" is narrow and to rely on the exception "a plaintiff must prove that the highly predictable consequence of a failure to train would result in the specific injury suffered, and that the failure to train represented the moving force behind the constitutional violation." Id. at 386(*quoting Brown*, 219 F.3d at 462) (internal quotation marks omitted).

16. Here, the incidents described in plaintiffs' complaint for both John and Jane Doe are eerily similar. Both suffered multiple violent attacks, segregation, and racial slurs of which the employees were aware, but they deliberately hid the truth from John and Jane Doe's parents. It is plausible that a better-trained staff would have reacted much differently to these incidents. A properly trained staff would have prevented additional incidents from occurring and reoccuring. Instead, Clear Creek just let it happen time and time again. The facts articulated in plaintiffs' complaint highlight Clear Creek's apathetic response or lack thereof to John and Jane Doe's abuse. Under the rules and the case law, plaintiffs should be allowed to further develop their case in discovery.

**B.      Plaintiffs properly plead facts to support a Title VI claim.**

17.     Section 601, Title VI, of the Civil Rights Act of 1964 provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d; Civil Rights Act of 1964, Pub. L. No. 88-352, § 601, 78 Stat. 241, 252.  Private individuals can bring suit "to enforce § 601 of Title VI." *Alexander v. Sandoval*, 532 U.S. 275, 279 (2001). However, Section 601 "prohibits only intentional discrimination." *Id* at 280, 285, 293 (emphasis added). Accordingly, "[t]o receive compensatory damages, a Title VI plaintiff must prove discriminatory intent." *Canutillo Indep. Sch. Dist. v. Leija*, 101 F.3d 393, 397 (5th Cir. 1996).

18.     The Supreme Court has held that a recipient of federal funding can be liable for student-on-student sex-based harassment under Title IX if the recipient was deliberately indifferent.  *Davis ex rel. Lashonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 650 (1999).  *Since Davis*, courts of appeal presented with Title VI student-on-student harassment claims have applied the deliberate indifference standard from Davis*.  See, e.g., Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 272–73 (3d Cir. 2014); Zeno v. Pine Plains Cent. Sch. Dist., 702 F.3d 655, 664–65 (2d Cir. 2012); Bryant v. Indep. Sch. Dist. No. I-38 of Garvin Cty., 334 F.3d 928, 934 (10th Cir. 2003).*

19.     Under Title VI, we apply the deliberate indifference standard to claims of liability arising from student-on-student harassment. A school district receiving federal funds may be liable for student-on-student harassment if (1) the harassment was "so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to educational opportunities or

8

benefits provided by the school" (a racially hostile environment) and the district (2) had actual knowledge, (3) had "control over the harasser and the environment in which the harassment occurs," and (4) was deliberately indifferent. *Davis,* 526 U.S. at 644, 650; *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 165 (5th Cir. 2011).

20. The facts alleged in this case are severe, pervasive, and objectively offensive. *See Davis,* 526 U.S. at 650. How could teachers at Clear Creek watch other students beat John and Jane Doe to the point that they needed medical attention? How could the school nurse not tell their parents? How could teachers and administrators alike segregate John and Jane Doe from other students when they were the victims? How could teachers not allow John Doe to use the restroom or drink water? How could teachers allow students to use derogatory, race based, nicknames that would significantly damage any child's self-esteem? The use of these vitriolic and epithet-laden languages underscores the severe, pervasive, and objectively offensive nature of the harassment tolerated at Clear Creek. *See Porter v. Erie Foods Intern., Inc.,* 576 F.3d 629, 635-36 (7th Cir. 2009).

21. *Davis,* 526 U.S. at 650 discusses how this harassment suffered by plaintiffs denies John and Jane Doe of the access to the educational opportunities or benefits provided by the school. Plaintiffs literally plead this in their complaint.

**C.** **Alternatively, if the defendant's motion is granted, plaintiffs' request leave of court to amend their complaint.**

## CONCLUSION

Plaintiff requests that this Court deny defendant's motion to dismiss. Plaintiffs request that the Court grant is such remedies, both at law and in equity to which it has shown itself entitled.

Respectfully submitted,

**The Law Office of Todd E. Webb**

By: /s/ *Todd E. Webb*
_____
Todd E. Webb
State Bar No. 24033317
Southern District No. 597748
todd@attorneytoddwebb.com
4101 Greenbriar Suite 122E
Houston, Texas 77098
713.529.4400 t
713.529.4401 f

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading has been served on all counsel of record through the Court's electronic filing system, on November 16, 2022.

*/s/ Todd E. Webb*
_____
Todd E. Webb

10