UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHANDA JACKSON ON BEHALF OF, § <br> MINOR CHILD JANE DOE, § <br> TATIAWNA JORDAN ON BEHALF § <br> MINOR CHILD JOHN DOE § <br>     *Plaintiffs,* § <br> § <br> v. § <br> § <br> § <br> § <br> CLEAR CREEK INDEPENDENT § <br> SCHOOL DISTRICT § <br>     *Defendant.* § | CIVIL ACTION NO. 3:22-cv-00271 <br> **Jury Demanded** |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S SUPPLEMENTAL REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

TO THE JUDGE OF THE HONORABLE COURT:

Plaintiffs file their Response to Defendant's Supplemental Reply in Support of their Motion to Dismiss, and would respectfully show the Court as follows:

1. The School District's reliance upon the Fifth Circuit's recent decision in *B.W. by next friends M.W. and B.W. v. Austin Indep. Sch. Dist.,* 2023 WL 128948 (5th Cr. Jan. 9, 2023) (unpublished) is misapplied and distinguished by the facts alleged by plaintiffs in this case.

2. In *B.W.* the Court decided that the allegations made by plaintiff were "attempts to conflate political with racial animus," *Id.* at *6. Here, plaintiffs allege that the verbal, physical, and emotional abuse and neglect suffered by plaintiffs were driven by racial animus. In other words, plaintiffs allege facts that support they suffered harassment in a racially hostile environment, which this Court should distinguish from the alleged abuse

1

B.W. suffered because he expressed conservative views or those of a particular political party.  In this case, the plaintiffs at the time of the incidents that gave rise to this lawsuit were very young and they did not express any political views at school.  Consequently, the Court should consider the age of the children in this case as part of their analysis.

Moreover, whether plaintiffs' claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id* at *4 (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).  Although this case and the *B.W.* case both allege race discrimination, they are very different facts and circumstances involved.

3.   Despite the clear dissimilarity between facts alleged in this case and the facts alleged in *B.W.,* defendants argue that the alleged facts herein at best show general bullying.  [*See* Dkt. No. 17 pg. 2].  Such a conclusion would be in conflict with two previous Fifth Circuit decisions that the Court in *B.W.* called "illustrative" as to race based harassment found in: *Fennell v. Marion Independent School District,* 804 F.3d 398, 402 (5th Cir. 2015) (involving three black sisters alleged that their school district was deliberately indifferent to a racially hostile educational environment), and *Sewell v. Monroe City School Board,* 974 F.3d 577 (5th Cir. 2020) (therein Jaylon Sewell alleged that he had suffered harassment stemming from his earing his hair in a hairstyle that purportedly violated the school board's dress code).

Similarly, as in *Fennell and Sewell,* plaintiffs allege that they faced repeated racial discrimination that involved racial slurs and hostility inter alia that this Court should view objectively as offensive beyond the nature and scope of schoolhouse bullying.  Why were

2

these two young children treated this way?  Plaintiffs allege they suffered because of their race.

4.    Plaintiffs' claim does not have to be detailed as long as the factual allegations that when assumed to be true raise a right to relief above the speculative level.  *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly,* 550 U.S. at 557) (*B.W.* at *4).  For these reasons, defendant's Motion to Dismiss should be denied.

                Respectfully submitted,

                The Law Office of Todd E. Webb

                By:   /s/*Todd E. Webb*

                TODD E. WEBB

                Texas State Bar No.24033317
                Federal Admission No. 597748
                todd@attorneytoddwebb.com
                4101 Greenbriar Suite 122E
                Houston, Texas 77098
                (713) 529 4400 t
                (713) 529 4401 f

                ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading has been served on all counsel of record through the Court's electronic filing system, on March 28, 2023:

Christopher B. Gilbert
Phoenix Tower, Suite 2000
Houston, Texas 7702
T 713.554.6744
F 713.583.7698
cgilbert@thompsonhorton.com

Attorney for Defendant

/s/ Todd E. Webb
_____
Todd E. Webb

4